## Jonathan W. Brooks v. Charles E. Funk.

1. EVIDENCE—*Books of Account Under the Statute.*—The character of a book, to be offered in evidence as an account book, is not changed by our statute, but only the character of the evidence is changed, which is necessary to its admission.

Assumpsit, for commissions. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed December 5, 1899.

ULLMANN & HACKER, attorneys for appellant.

CHARLES L. MAHONY and H. L. HANLEY, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was commenced by appellee to recover an amount alleged to be due from Brooks & Clark, as commissions on sales made by him under the following contract:

                            "CHICAGO, January 2nd, 1892.

Messrs. Brooks & Clark, agents for the Pasteur-Chamberland Filter Company, Dayton, Ohio, hereby agree to pay Charles E. Funk a commission of eighteen per cent on list price of all filters sold by him, or his agents, at 93 Madison street, Chicago, until May 1st, 1892, said commission to be paid when the accounts are settled by the purchaser.                        BROOKS & CLARK."

The defendant Brooks alone prosecutes this appeal.

Messrs. Brooks & Clark were called upon to produce their books of account, but they did not do so. It appears from the testimony that the books had been destroyed in a fire in appellee's office. No effort whatever was made to prove their contents. At the trial appellee testified that he kept books of account. He is then shown a book which he said is the order book with the record of sales, and that the entries therein were made at the time of the sales. That is the only book produced at the trial.

Appellee also testified in his direct examination that a portion of the book is in the handwriting of his clerk, who, at the time of the trial, was in Iowa—that he knew that the entries were true and just—and that after looking at those entries he could state from memory that the sales were made as therein put down. He was then permitted to testify as to many sales said to have been made. Then,

and without any further testimony as to said order book, the same was offered and admitted in evidence against the objection of appellant.

Upon cross-examination, appellee testified that he could remember the sale of only one filter—that as to the numerous items appearing in that book, where the name of his clerk or of Mr. Clark is marked, he had no independent recollection—and that he had practically nothing to do with those transactions.

The declaration in this case is upon the contract above set out. That contract provides for the payment of commissions on the list price of all filters sold by appellee. There are numerous articles named in the order book offered in evidence other than filters, such as tubes, wrenches, different sized jars, spanners, coolers, gaskets, etc. There are also various items recorded in said book, and offered in evidence, which form no part of an account. The names of Brooks and Clark nowhere appear in it. There does not purport to be, and there is not, any item of debit or credit in it. Appellee testifies that defendants are entitled to certain credits, but those do not appear in said book.

That book is what it is called by appellee—and what it purports to be—an order book, and that only. It contains a record of orders for filters and other things, some of which appear to have been delivered and some not. It is wanting in most of the forms and elements constituting an account book. Appellee testifies that he kept books of account. But they were not produced or their absence accounted for. And the order book offered in evidence is in no proper sense an account book. The character of a book, to be offered in evidence as an account book, is not changed by our statute, but only the character of the evidence is changed, which is necessary to its admission. Said order book should not have been admitted.

It appears from the record that F. B. Clark was one of the firm of Brooks & Clark, which executed said contract. He is also named as one of the defendants in this case. He was never served with process and never entered his appear-

ance. But the judgment is against both of said defendants. Such a judgment can not be sustained.

There is no testimony aside from said order book upon which to found a verdict.

The judgment must therefore be reversed and the cause remanded.